## TICHENOR v. WEISS. *

### No. 16330.

Court of Appeal of Louisiana. Orleans.
June 22, 1936.

Hubert M. Ansley, of New Orleans, for appellee.

Sol Weiss, of New Orleans, in pro. per.

JANVIER, Judge.

Rolla A. Tichenor, Sr., brings this action against Sol Weiss for the balance alleged to be due on a promissory note. Weiss denies liability, alleging that Tichenor is not the bona fide owner of the said note and that, in truth and in fact, one Samuel J. Dessalles is the true owner thereof and that Tichenor came into possession of it as attorney for Dessalles. Weiss maintains that he has been warned by Dessalles to make no payment to Tichenor.

In the court below there was judgment for plaintiff, as prayed for, and defendant has appealed.

The record shows that the note in question was executed by Weiss and given to Tichenor as the result of the settlement of two earlier lawsuits which were consolidated and then compromised. One was a suit by Tichenor against Weiss on two promissory notes and the other was a suit by Weiss against Tichenor in which he sought judgment canceling the two notes which Tichenor had sued on, alleging that the said notes were, in truth and in fact, the property of Samuel J. Dessalles and that there had been a failure of consideration which could have been proven had the suit on the notes been filed by the said Dessalles.

As we have stated, the two suits were consolidated and settled, the terms of the settlement being that Weiss should give to Tichenor a new note (the one now sued on) for $2,700, payable in monthly installments of $85 each. It is shown that Weiss paid fourteen monthly installments, but now refuses to make further payments, contending that Dessalles claims to be the true owner of the note and has notified him to make no further payments to Tichenor. At this time Weiss does not clearly contend that he is not liable on the note, though he seems to intimate that, as against Dessalles, there is a defense which he might have interposed.

The object of Weiss' earlier suit against Tichenor was the recognition of his right to interpose as a defense to the notes which were then involved a defense which he claimed would have been available to him against Dessalles.

Therefore, since that matter has been settled and compromised by the giving and receiving of the note now sued on, Weiss, the maker of the note, cannot be heard to again set up the same defense which he then interposed to the original notes. C. C. art. 3071 et seq.; Buckelew v.

---

Wyche, 162 La. 67–71, 110 So. 91. Nor can Weiss be now heard to question Tichenor's right to sue on the note, nor can he be heard to champion the rights of Dessalles as against Tichenor.

The note was made payable to Tichenor by Weiss and it was so made as the result of a compromise of two suits in which all of the facts concerning Dessalles' interest, if he had any, were set forth.

In his brief, Weiss refers to an attempt by Dessalles to intervene in the earlier suit in which Tichenor sought judgment on the original notes executed by Weiss and he states that "the trial judge declined to permit the filing of said intervention for the alleged reason that said intervention had been filed too late."

Tichenor denies that the intervention of Dessalles was rejected because it came too late and he states that "the court simply refused Mr. Weiss' verbal motion for a continuance of the case in order to give Dessalles an opportunity to file a petition of intervention. The court was fully justified in this ruling because it was apparent that Mr. Weiss was seeking a further delay of the trial of this suit against himself."

We have no means of ascertaining why the trial court refused to permit Dessalles to intervene, if it did so refuse, but we look upon the incident as proof of the fact that Dessalles knew of that earlier suit in which Tichenor was proceeding on the notes which Weiss now claims belonged to Dessalles. If he knew of that suit, it was his duty to protect himself by proceeding, by appropriate writ or other action, in that suit or by an independent proceeding against Tichenor. We are told by Weiss, in his brief, that Dessalles did bring an independent action against Tichenor, and we are now in receipt of a letter from a member of the bar, who says in his letter that he is the attorney for Mr. Dessalles in the suit to which we have just referred. But the record of that action is not made a part of this record. If there is another suit by Dessalles against Tichenor, it is in that suit that he should have protected his interest and should have prevented Tichenor from proceeding. At any rate, it is the right of Dessalles to seek such protection and such right cannot be championed by Weiss.

If Dessalles has any interest in the note, that is a matter for settlement between him and Tichenor and with that matter Weiss has no concern.

Under the circumstances, payment by him will effect his complete discharge and that is his only concern.

 We are asked to award damages for frivolous appeal on the ground that the appeal was taken merely to effect delay, but, after a careful study of the entire matter, we are of the opinion that the prayer for damages should not be granted.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.

*Rehearing denied Oct. 5, 1936.